# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BELL NORTHERN RESEARCH, LLC,<br><br>Plaintiff,<br><br>v.<br><br>COOLPAD TECHNOLOGIES, INC. et al.,<br><br>Defendants. | Case No.: 18-CV-1783-CAB-BLM<br><br>**ORDER ON REQUEST FOR PRE-INSTITUTION STAY OF THE LITIGATION**<br><br>[Doc. No. 81] |
| BELL NORTHERN RESEARCH, LLC,<br><br>Plaintiff,<br><br>v.<br><br>HUAWEI TECHNOLOGIES CO., LTD. et al.,<br><br>Defendants. | Case No.: 18-CV-1784-CAB-BLM<br><br>[Doc. No. 89] |
| BELL NORTHERN RESEARCH, LLC,<br><br>Plaintiff,<br><br>v.<br><br>ZTE CORPORATION et al.,<br><br>Defendants. | Case No.: 18-CV-1786-CAB-BLM<br><br>[Doc. No. 108] |

Defendant Huawei Device Co. Ltd. ("Huawei") filed a motion to stay litigation while the Bell Northern Research LLC ("BNR") patents asserted against it are under petition for *Inter Partes* Review ("IPR") by the U.S. Patent Trial and Appeal Board ("PTAB") of the U.S. Patent and Trademark Office ("PTO"). [18cv1784, Doc. No. 82.] Defendants CoolPad Technologies, Inc. ("Coolpad"), and ZTE Corporation ("ZTE") joined Huawei's

motion. [18cv1783, Doc. No. 81; 18cv1786, Doc. No. 108]. BNR opposes the motions. [18cv1783, Doc. No. 85; 18cv1784, Doc. No. 93.] The Court finds the motions suitable for determination on the papers submitted and without oral argument in accordance with Civil Local Rule 7.1(d)(1). For the reasons set forth below, the motions are Denied without prejudice.

## I. Background

On August 1, 2018 BNR filed separate patent infringement actions against CoolPad, Huawei and ZTE asserting many of the same patents. As of November 29, 2018 the following patents are at issue in these litigations:

| Patent | CoolPad | Huawei | ZTE |
|---|---|---|---|
| 6,941,156[1] | X | X | X |
| 8,792,432[2] |  | X | X |
| 7,957,450 |  | X | X |
| 7,990,842 | X | X | X |
| 8,416,862 |  | X | X |
| 7,039,435 |  | X | X |
| 7,319,889 | X | X | X |
| 8,204,554 | X | X | X |

In accordance with the Court's scheduling order, in April 2018, the parties jointly submitted terms from the '156 Patent, the '889 Patent, the '554 Patent, the '435 Patent, the '842 Patent, the '450 Patent, and the '862 Patent, for claim construction. A claim construction hearing was held on June 19 and 20, 2019. The Court issued its Claim Construction Order on August 9, 2019.

---

[1] On August 9, 2019, the Court issued a Claim Construction Order and Order on Defendants' Motion for Summary Judgment of Invalidity due to Indefiniteness. Claim 1 of the '156 Patent was found indefinite and therefore invalid. Claim 1 was the only asserted claim of the '156 Patent. Under the local patent rules of this district, Plaintiff may elect to assert an alternative claim due to the Court's Construction and therefore the '156 patent is not necessarily dismissed from the litigation.

[2] The '432 Patent was dismissed by joint motion from the ZTE litigation on November 29, 2018.

During claim construction briefing, on June 14, 2019, Huawei notified the Court it had filed for IPR on five of the eight patents asserted against it. On July 19, 2019, Coolpad notified the Court it had filed for IPR on all four of the patents asserted against it. On August 7, 2019, ZTE notified the Court it had filed for IPR on six of the eight patents asserted against it. On that same date, Huawei also notified the Court it has filed for IPR on a sixth patent. As of August 7, 2019, six of the eight patents at issue in these cases are subject to petitions for IPR. Only the '432 Patent and the '450 Patent, both asserted against Huawei and ZTE, are not subject to possible IPR institution by the PTAB.

On July 10, 2019, following the claim construction hearings, while the constructions were still under submission, Huawei filed for a stay of the proceeding against it, pending outcome of the IPRs it filed. On July 19, 2019, Coolpad joined Huawei's motion for stay. On August 7, 2019, ZTE joined Huawei's motion for stay. On August 7 and 9, 2019, BNR filed oppositions to the requests for stay.

## II. Legal Standard

Courts have inherent power to manage their dockets and stay proceedings. The party seeking a stay bears the burden of showing that such a course is appropriate. *See Landis v. N.Am. Co.*, 299 U.S. 248, 255 (1936). A stay pending an administrative proceeding is not automatic; rather, it must be based upon the circumstances of the case before the court. *See Comcast Cable Commc'ns Corp. LLC v. Finisar Corp.*, No. 06-cv-04206-WHA, 2007 WL 1052883, at *1 (N.D. Cal. Apr. 5, 2007) ("From a case management perspective, the possible benefits must be weighted in each instance against the possible drawbacks.").

Courts generally consider three factors to determine whether to impose a stay pending parallel proceedings in the PTAB: (1) whether a stay will simplify the issues in question and trial of the case; (2) whether discovery is complete and a trial date set; and (3) whether a stay would unduly prejudice or present a clear tactical disadvantage to the nonmoving party. *TAS Energy, Inc. v. San Diego Gas & Elec. Co.,* No. 12-cv-2777-GPC-BGS, 2014 WL 794215, at *3 (S.D. Cal. Feb. 26, 2014) (citing *Telemac Corp. v. Teledigital, Inc.,* 450 F. Supp. 2d 1107, 1111 (N.D. Cal. 2006)). Judicial consideration is

not limited to these factors, but rather can include a review of totality of the circumstances. A court's consideration of a motion to stay should be guided by "the liberal policy in favor of granting motions to stay proceedings pending the outcome of USPTO reexamination or reissuance proceedings." *ASCII Corp. v. STD Entm't USA, Inc*., 844 F. Supp. 1378, 1381 (N.D. Cal. 1994). The Court further recognizes that the IPR proceeding, specifically tailored to patent validity adjudication, was created by Congress to provide a more streamlined and therefore faster and less expensive alternative to litigation. See H.R. Rep. No. 112-98(I) at 40 ("The legislation is designed to establish a more efficient and streamlined patent system that will improve patent quality and limit unnecessary and counterproductive litigation costs.").

**III. Discussion**

Although these cases were already in claim construction briefing when the parties first notified the Court that petitions for IPR had been filed, the Court does not find any undue delay. Claim construction has been resolved, but much discovery remains to be completed, both fact and expert. The dispositive motions deadline and trial date have not been set.

Huawei and ZTE have each submitted six of the eight patents asserted against them for IPR. Coolpad has submitted all four of the patents asserted against it for review. Decisions regarding institution will not issue until approximately January 2020.

PTAB decisions to institute on all the submitted patents will greatly impact the scope of this case. Even decisions to institute on less than all the patents have significant potential to streamline this litigation. On the other hand, two of the patents asserted against Huawei and ZTE, the '432 patent and the '450 patent, are not subject to petitions and the outcome of the IPR petitions will have no effect on the litigation of those patents.

On balance the Court finds that to stay this litigation entirely pending the PTAB's decision to institute is unjustified. While plaintiff may find itself stretched to meet the schedule of the PTAB and the schedule of this Court, BNR does not request a stay. The

parties can proceed with any revised infringement and invalidity contentions in light to the Court's recently issued claim construction order, as well as fact and third-party discovery.

The parties are directed to bring the PTAB decisions on institution promptly to the Court's attention. Defendants may renew the requests for stay if institutions are granted, at which time the Court will consider the efficiencies of proceeding, whether in whole or in part, in these litigations. The motion for stay at this time is **DENIED** without prejudice.

It is **SO ORDERED**.

Dated: August 12, 2019

_____
Hon. Cathy Ann Bencivengo
United States District Judge