# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BELL NORTHERN RESEARCH, LLC,<br><br>Plaintiff,<br><br>v.<br><br>COOLPAD TECHNOLOGIES, INC. et al.,<br><br>Defendants. | Case No.: 18-CV-1783-CAB-BLM<br><br>**ORDER ON MOTIONS TO FILE UNDER SEAL**<br><br>[Doc. Nos. 118-121] |
| BELL NORTHERN RESEARCH, LLC,<br><br>Plaintiff,<br><br>v.<br><br>ZTE CORPORATION et al.,<br><br>Defendants. | Case No.: 18-CV-1786-CAB-BLM<br><br>[Doc. No. 151-153] |

Pursuant to the Court's chambers rules, the parties in the above-referenced cases, as well as third party Kyocera International, Inc. ("Kyocera"), have filed a total of seven motions to file documents under seal in connection with upcoming motions for summary judgment and motions to exclude experts. Each motion is addressed separately below.

## I. Legal Standards

"When discovery material is filed with the court [] its status changes." *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1134 (9th Cir. 2003). "[T]he public policy reasons behind a presumption of access to judicial documents (judicial accountability, education about the judicial process etc.) apply." *Id.* (internal citation omitted). Both the common law and the Constitution afford the public a qualified right of access to judicial records and proceedings. *Times Mirror Co. v. U.S.,* 873. F.2d 1210, 1211 n.1 (9th Cir. 1989); *Pintos v. Pacific Creditors Ass'n*, 605 F.3d 665, 678 (9th Cir. 2010).

In the Ninth Circuit there is a strong presumption in favor of access to court records and a party must show *compelling reasons* to file materials under seal as part of a non-discovery motion, even if they were produced subject to a discovery protective order. *See Foltz*, 331 F.3d at 1135-36; *see also Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006) ("[C]ompelling reasons must be shown to seal judicial records attached to a dispositive motion."). Once the protected discovery documents are made part of a dispositive motion, "they lose their status of being raw fruits of discovery" and no longer enjoy protected status without some overriding interests in favor of keeping the material sealed. *Foltz*, 331 F.3d at 1136.

Court records should be sealed to keep confidential only what must be kept secret, temporarily or permanently, as the situation requires. The party seeking to file under seal must provide articulable facts showing a compelling reason to limit public access to court filings. That a litigant might be embarrassed or exposed to additional liability or litigation, without more, is not sufficient. *Id.* at 1136. A court's decision to seal material must be based on a compelling reason and the order allowing a filing under seal must articulate the factual basis for its ruling without relying on hypothesis or conjecture. *Pintos,* 605 F.3d at 679. "A 'good cause' showing will not suffice to fulfill the 'compelling reasons' standard that a party must meet to rebut the presumption of access to dispositive pleadings and attachments." *Id.* (citing *Kamakana,* 447 F.3d at 1180).

## II. Non-Party Kyocera's Motions (Case No. 18cv1783 Doc. No. 118; Case No. 18cv1786 Doc. No. 151)

Kyocera asks the Court to permit the parties to file under seal portions of the deposition transcript of Maria Nelson, Esq., who is in-house counsel for Kyocera. According to Kyocera, the portions of the transcript[1] it seeks to have sealed "reveal sensitive business information about its future business strategy in the wireless industry, as well as its approach to negotiating with patent holders," because "public disclosure of such information will cause it to suffer a competitive disadvantage." [Doc. No. 118 at 2-3.]

Upon consideration of Kyocera's motion and review of the Nelson transcript lodged with the Court, the Court finds that Kyocera has demonstrated that the Nelson transcript contains sensitive information that could put Kyocera at a competitive disadvantage such that compelling reasons exist to seal any of the following portions of the transcript that the parties intend to file with their upcoming motions for summary judgment and motions to exclude. Accordingly, it is hereby **ORDERED** that Kyocera's motion is **GRANTED**, and that the parties shall file any material contained in pages 19-23, 27, 32-33, 43, 45-46, 48-51, 53-55, 58-60, 75-80, 83-87, 93 and 95 of the Nelson transcript (and portions of their substantive briefs in support of, or in opposition to, motions for summary judgment which incorporate such material) under seal.

---

[1] In its motion, Kyocera states that the parties advised it that they intend to attach the entire Nelson transcript to their motions. Although the parties are not prohibited from attaching an entire deposition transcript, the Court will not review or consider any portions of the transcript that are not pinpoint cited in a brief when deciding their motions. Accordingly, the Court strongly urges the parties to include with their motions only those portions of deposition transcripts that they cite to and that are relevant to their motions. In particular, instead of filing the entire Nelson transcript under seal, the parties should endeavor to exclude any portions that this order permits to be filed under seal but that are not relevant to their motions.

### III. Coolpad's Motion (Case No. 18cv1783 Doc. Nos. 119)[2]

In its motion, Coolpad asks the Court to permit Plaintiff to file under seal certain portions of the rebuttal expert reports and deposition transcripts of Dr. Patrick Kennedy and Dr. Bill Lin, respectively, as well as an interrogatory response that Bell Northern told Coolpad that Bell Northern intends to cite in or attach to upcoming summary judgment motions. Coolpad contends that the documents related to Dr. Kennedy "contain confidential financial information related to Coolpad's business operations," the public disclosure of which "threatens to put Coolpad at a competitive disadvantage that Coolpad's competitors could use to their advantage and Coolpad's detriment." [Doc. No. 119 at 3-4.] Coolpad contends that the documents related Dr. Lin contain confidential technical information related to how Coolpad's products operate that could similar disadvantage Coolpad with competitors. [*Id.* at 4.] According to Coolpad, the interrogatory response in question also contains confidential financial and technical information that could put Coolpad at a competitive disadvantage. [*Id.*]

Upon review of the motion along with the portions of the documents that Coolpad asks the Court to permit to be sealed, the Court finds that Coolpad has been discriminating in identifying the specific confidential information contained within each respective document and that it has demonstrated that compelling reasons exist to file such limited confidential information to be filed under seal. Accordingly, Coolpad's motion [Doc. No. 119 in Case No. 18cv1783] is **GRANTED**. To the extent Bell Northern intends to rely on any of the information redacted from the documents attached to Docket No. 119 in connection with Bell Northern's upcoming motions, Bell Northern shall file such information under seal.

---

[2] Coolpad filed a separate motion to file under seal documents that it intends to use with its upcoming motions, but subsequently filed a motion to strike that motion. The motion to strike is granted in a concurrent order.

### IV. Bell Northern's Motions (Case No. 18cv1783 Doc. No. 121, Case No. 18cv1786 Doc. No. 152)

In these motions, Bell Northern asks the Court to seal the entirety of dozens of documents or deposition transcripts. Although it is conceivable that some or all of these documents may contain some information for which compelling reasons exist to seal, Bell Northern's cursory motion divides these documents in several broad categories and makes no effort to identify the specific confidential information within each document like Kyocera and Coolpad did in connection with their motions. The Court is skeptical that all, or even most, of the information contained in the bankers box of documents in question is both relevant to the parties' dispositive motions and contains the confidential information for which compelling reasons exist to seal, and the Court declines to guess at which parts of the documents, if any, actually contain information that should be sealed. Accordingly, Bell Northern's motions to file under seal are **DENIED**.

### V. ZTE's Motions (Case No. 18cv1786 Doc. No. 153)

With its motion, ZTE asks the Court to permit three expert reports and three deposition transcripts to be filed under seal in their entirety. For three of the documents, ZTE contends that they contain "confidential financial information related to ZTE's business operations," and "confidential information including the terms of license agreements entered into by third parties to this litigation, Plaintiff, and Plaintiff's predecessors in interest to the asserted patents." [Doc. No. 153-1 at 3.] With respect to the other three documents, ZTE contends that they "contain confidential technical information, including ZTE source code, relating to how ZTE's products operate, which components are used, and the various suppliers that ZTE uses for its products." [*Id.*] According to ZTE, public disclosure of the information contained in the six documents at issue in its motion "threatens to put ZTE at a competitive disadvantage that ZTE's competitors could use to their advantage and to ZTE's detriment." [*Id.*]

Unlike the motions filed by Kyocera and Coolpad addressed herein, ZTE's motion is cursory and conclusory and does not demonstrate compelling reasons for the entirety of

the expert reports and deposition transcripts to be filed under seal. The documents in question, which were lodged with the Court, appear to consist of hundreds of pages. Whereas Kyocera and Coolpad identified specific confidential information within the documents in question in their motions, ZTE appears to request that the entirety of these lengthy documents be filed under seal. The Court is skeptical that all, or even most, of the information contained in the documents in question is both relevant to the parties' dispositive motions and contains the confidential information for which compelling reasons exist to seal, and the Court declines to guess at which parts of the documents, if any, actually contain information that should be sealed. Accordingly, ZTE's motion is **DENIED**.

It is **SO ORDERED**.

Dated: January 21, 2020

_____
Hon. Cathy Ann Bencivengo
United States District Judge